## 43479. BRIDGES v. BRIDGES.
### (349 SE2d 172)

CLARKE, Presiding Justice.

This case involves the validity and enforcement of an oral settlement agreement in a divorce action. The trial court granted the wife's motion for summary judgment, making the agreement the judgment of the court and we granted the husband's application to appeal.

These parties married in 1980 and separated in 1984. Mr. Bridges has two sons from a former marriage; at the time the divorce was filed, one son, Eddie, was 15, the other, J. L., was no longer a minor. In the discovery process, Mr. Bridges listed assets purchased during the marriage. Included in the list were stock in "Shearson accounts" of J. L. and Eddie and separate savings accounts established for and in the names of J. L. and Eddie Bridges. The money savings accounts were also with Shearson.

Settlement negotiations began and on August 26, 1985, Mr. Bridges and his attorney, W. L. Salter, attended a settlement conference in the office of W. Steven Askew, attorney for Mrs. Bridges. A final agreement was not reached at the meeting but they agreed to a majority of the items listed. Mr. Salter was deposed prior to the motion for summary judgment. Salter stated that prior to the conference in Askew's office he understood from Mr. Bridges that the money savings accounts belonged to the sons and would not be signed over to the stepmother, although the stock was to be given to her. During the conference Mr. Askew asked about the Shearson accounts, including the money accounts and Mr. Bridges said that they would go to his wife. It was the understanding of both attorneys that the money savings accounts went to the wife, along with the stock accounts.

After this meeting, negotiations between the attorneys continued

by phone and on August 27, the attorneys had an agreement worked out except for a VCR. Mr. Salter told Mr. Askew that he could get Mr. Bridges to agree to give up the VCR and that Askew could type up the agreement. Salter then talked to Mr. Bridges who said he would agree to the VCR but not to the money savings account which he never intended to go to his wife.

At 5:00 p.m. on the same day, August 27, 1985, Mr. Salter telephoned Mr. Askew and informed him that there was a misunderstanding about the Shearson accounts and that his client never intended to assign the children's savings accounts and was not willing to do so then or in the future.

Mrs. Bridges, through her attorney, Mr. Askew, takes the position that there was no misunderstanding between the attorneys as to the agreement made on the phone on August 27, and that this agreement was reduced to writing by him prior to the later phone call when Mr. Bridges withdrew his consent to the Shearson money accounts based upon a misunderstanding. Mrs. Bridges moved for summary judgment asking that the agreement be made the judgment of the court. The facts set out above were before the court below in the form of the deposition of Mr. Salter, Mr. Bridges' attorney, and an affidavit by opposing counsel, Mr. Askew. The trial court granted summary judgment to Mrs. Bridges ordering enforcement of the agreement based upon our decision in *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983).

1. The appellant acknowledges that an attorney has the authority to enter into settlement agreements and that an oral agreement is binding upon the client. *Brumbelow*; see also Superior Court Rule 4.12. "An attorney of record has apparent authority to enter into agreements on behalf of his client(s) in civil actions. Oral agreements if established, are enforceable." Uniform Rules of the Superior Court, 253 Ga. 816. In *Brumbelow*, the terms of the agreement were not in dispute but the dispute was over the attorney's authority to settle. Here there was clear authority, but there is evidence of a misunderstanding or mistake as to the terms which arose in a conference between the attorneys with the appellant present. The appellee contends there was no misunderstanding between the attorneys during the phone conversation the day after the conference. It is true that both of them thought that Mr. Bridges had agreed to give over his children's savings accounts, and that the only item of controversy left was the VCR. Both attorneys knew that Mr. Salter would have to contact his client regarding the VCR. Mr. Salter's statement concerning the VCR was anticipatory because it left something to be done. The unaccomplished act was getting the client to agree to give up the VCR. The record indicates that this had not been done at the time of the conversation between the attorneys. No contract exists until all

essential terms have been agreed to. OCGA § 13-3-2. In our view, there was no agreement to be enforced. This is not a case where an agreement to terms was clearly made and then someone changed his mind. See *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816 (315 SE2d 1) (1984) (on remand from 251 Ga. 674, supra).

This case must also be distinguished from *Brumbelow* because the contract of settlement here is in the context of a divorce case. In a divorce action, the agreement, if accepted by the court, becomes the judgment of the court itself and therefore the court has the discretion to approve or reject the agreement, in whole or in part. *Vereen v. Vereen*, 226 Ga. 500 (175 SE2d 865) (1970).

2. In response to interrogatories of the appellee, appellant made a list of items purchased during the marriage; included in this list were a savings account for Eddie and a savings account for J. L. The sons are not parties to this action and Mrs. Bridges has made no allegation that the accounts were set up in their names to defraud her pending the divorce. We cannot conclude, as urged by appellee, that by listing the accounts as property purchased during the marriage, Mr. Bridges was admitting that the accounts were marital assets subject to property division. Even if the agreement is upheld as written, Mr. Bridges has only relinquished whatever rights he may have had in his sons' accounts. It does not establish any right to possession in favor of his former wife over the rights of the children. Under the circumstances of this case, the grant of summary judgment to the former wife must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1986 —
RECONSIDERATION DENIED OCTOBER 28, 1986.

*Charles W. Cook,* for appellant.
*Donald P. Carpenter,* for appellee.