## S01A1362. STOOKEY v. STOOKEY.
(554 SE2d 472)

HUNSTEIN, Justice.

We granted the application for discretionary appeal from the superior court's denial of a motion to enforce a settlement agreement in this divorce case. Because we conclude that the trial court erred in refusing to acknowledge the validity of the agreement, we reverse and remand the case with direction.

The parties had been married for 38 years when Retta Stookey commenced divorce proceedings. The evidence of record establishes that between January 2000 when the case was filed and August 2000 the parties participated in settlement negotiations and voluntary mediation. On August 27, Ms. Stookey and her attorney Catherine Lynch met in Lynch's office to prepare Ms. Stookey for her deposition and to participate in telephonic settlement discussions with the attorney for Mr. Stookey. The parties reached a settlement that afternoon and the deposition was canceled. The next day attorney Lynch reported to the trial court that the divorce case had been resolved and requested the court to remove the matter from the September 1 trial calendar. Mr. Stookey's attorney drafted the formal settlement document which was forwarded through attorney Lynch to Ms. Stookey. Ms. Stookey refused to sign the negotiated agreement and subsequently obtained new counsel. Mr. Stookey filed a motion to enforce the settlement agreement. In support of the motion to enforce the settlement, Mr. Stookey's attorney filed her own affidavit that the parties had reached a settlement on August 27. Prior to the hearing on the motion to enforce the settlement agreement attorney Lynch also provided an affidavit claiming that there was a settlement agreement, that she had the authority from Ms. Stookey to enter into and be bound by the agreement, and that the written settlement prepared by opposing counsel "fully and accurately reflects and encompasses the terms of the agreement worked out on August 27."

In her testimony at the hearing conducted on the motion to enforce the settlement agreement attorney Lynch reiterated that a settlement had been achieved on August 27 which was reflected in the written agreement prepared and submitted by Mr. Stookey's counsel. Although Ms. Stookey called attorney Lynch as a witness in order to contest some terms contained in the agreement she did not adduce any evidence which indicated that she placed any limitations on attorney Lynch's authority or that any restrictions on attorney Lynch's authority to negotiate for Ms. Stookey were communicated to the opposing party. Ms. Stookey testified that she had never authorized a settlement and that she was confused about the discussions which took place on August 27, believing the discussions were nothing more than "negotiating just like we had done before." The trial

court refused to grant the motion to enforce the settlement because "there was no meeting of the minds between the parties involved with the intention of making the agreement final."

1. Mr. Stookey contends that the trial court erred by refusing to find that there was a binding settlement agreement. Relying on *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983) (attorney's authority to settle may be considered plenary unless it is limited by the client and that limitation is communicated to opposing party), he contends that the trial court was obligated to acknowledge the agreement once it was shown that attorney Lynch had the plenary authority to bind Ms. Stookey to the agreement, it was announced to the court that a settlement had been achieved, and a settlement agreement had been prepared which incorporated the essential terms of the agreement. We agree. There was no conflict in the evidence presented by the attorneys for Mr. and Ms. Stookey that the case had settled on August 27. Although Ms. Stookey sought to unravel the agreement by contending that she did not agree to settle the case at any time, she never contradicted the testimony of attorney Lynch that she had the full authority to bind Ms. Stookey to the agreement. While factual findings made by the trial court will not be set aside unless clearly erroneous, *Macon-Bibb County Indus. Auth. v. Central of Ga. R. Co.*, 266 Ga. 281 (1) (466 SE2d 855) (1996), having reviewed the record and transcript in this case we conclude that the trial court's determination that an agreement did not exist was clearly erroneous. See *Ray v. Ray*, 263 Ga. 719 (438 SE2d 78) (1994).

2. Based on our determination that the trial court erred to the extent it decided that a settlement agreement did not exist, we reverse the judgment and remand the case to the trial court to give the parties the full opportunity to present evidence on whether or not the court should enforce the agreement. *Reichard v. Reichard*, 262 Ga. 561 (3) (423 SE2d 241) (1992). See also *Mathes v. Mathes*, 267 Ga. 845 (483 SE2d 573) (1997).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*Kidd & Vaughan, Gwenn D. Holland*, for appellant.
*White & Shippert, David M. Shippert, Ray B. Gary, Jr., Jill E. Stahlman*, for appellee.