S05F0193. GRAVLEY v. GRAVLEY.
(608 SE2d 225)

BENHAM, Justice.

Appellant Randy Gravley and appellee Vicki Gravley were married in August 1966 and were divorced in July 2004 by a final judgment and decree of divorce that incorporated within it a settlement agreement. Appellant Husband filed an application for discretionary review which we granted pursuant to this Court's Family Law Pilot Project in which we grant all non-frivolous applications seeking discretionary review of a final judgment of divorce. On appeal, Husband contends the trial court erred when it found the parties had reached an enforceable settlement agreement and compounded that error when it incorporated the settlement agreement

into the final judgment and decree of divorce without considering whether the terms of the purported settlement agreement were unconscionable.

1. The trial court is obligated to acknowledge a settlement agreement upon a showing that (1) the attorney representing the party contesting the existence of a settlement had plenary authority to bind the party to the agreement; (2) the court was informed that a settlement had been reached; and (3) a settlement agreement incorporating the essential terms of the agreement has been prepared. *Stookey v. Stookey*, 274 Ga. 472 (1) (554 SE2d 472) (2001). At the hearing on the motion to enforce the settlement agreement, evidence was introduced which established that the attorneys representing the parties in the divorce action conducted settlement negotiations in which they reached a settlement of the divorce case, and both attorneys had appeared in court to announce that a settlement had been reached. See USCR 4.10 ("Immediately upon the settlement or dismissal of any civil action the involved attorneys shall notify the assigned judge . . . of such event."). Thereafter, Wife's attorney drafted a proposed final judgment and decree incorporating the settlement agreement and submitted it to Husband's counsel.[1] Husband's attorney requested the writing be amended to require Wife to execute a quitclaim deed on the marital residence, which the parties had agreed was to be awarded to Husband, and counsel for Wife complied. Upon presentation of the amended document, Husband refused to sign and terminated the services of his attorney. Wife then filed a motion to enforce the settlement agreement. Husband's former attorney testified the amended document covered what the parties had discussed in their settlement negotiations; he understood it to be a total settlement of the divorce action; and he believed he had the authority to enter into a settlement agreement on behalf of his client. Based on the record and transcript in this case, we conclude the trial court's determination that a settlement agreement existed was not clearly erroneous. *Stookey v. Stookey*, supra, 274 Ga. 472 (1).

2. Nor did the trial court err when it incorporated the settlement agreement into the final judgment and decree of divorce. When incorporating a settlement agreement into a final judgment of divorce, thereby making the settlement agreement the judgment of the court, the trial court has the discretion to approve or reject the

---

[1] It awarded "sole and exclusive right, title and ownership in and to the parties' marital abode" to Husband, with the requirement that he was responsible for the debts thereon; each party was awarded his/her personal possessions; Husband was to indemnify and hold Wife harmless from any and all income tax claims imposed by the state or federal governments; and Husband was to make monthly alimony payments to Wife of $1,200 until she died or remarried. Husband was awarded the income tax deduction therefor.

settlement, in whole or in part. *Bridges v. Bridges*, 256 Ga. 348 (1) (349 SE2d 172) (1986). Both the transcript of the hearing on the motion to enforce the settlement agreement and the trial court's order reflect the trial court reviewed the settlement agreement and found its contents to be within the bounds of the law before the court incorporated it into the final judgment and decree. See *Franz v. Franz*, 268 Ga. 465 (3) (490 SE2d 377) (1997) (trial court did not abuse its discretion in failing to incorporate into the final judgment a settlement agreement which contained a legally insufficient child support provision).

Appellant Husband maintains the trial court's pre-incorporation review of the settlement agreement was insufficient because the court did not make a finding that the agreement was conscionable. When faced with whether to enforce the terms of an antenuptial agreement (*Scherer v. Scherer*, 249 Ga. 635 (3) (292 SE2d 662) (1982)) or a reconciliation agreement (*Curry v. Curry*, 260 Ga. 302 (2) (392 SE2d 879) (1990)) in a subsequent divorce proceeding, the trial court is required to examine the agreement for unconscionability. We do not require application of that standard for agreements reached by the parties during divorce litigation; instead, we have left it within the discretion of the trial court whether such agreements should be incorporated, in whole or in part, in the final judgment and decree of divorce. See *Franz v. Franz*, supra, 268 Ga. 465 (3); *Bridges v. Bridges*, supra, 256 Ga. 348 (1). Our decision should not be viewed as an attempt to re-draw the "fine line of distinction" between agreements incident to divorce and agreements to facilitate a divorce that was erased in *Sanders v. Colwell*, 248 Ga. 376 (1) (283 SE2d 461) (1981); rather, it is a re-affirmation of the principle that it remains within the trial court's discretion whether a separation agreement reached by the parties should be approved and incorporated into the final judgment and decree of divorce. *Scherer v. Scherer*, supra, 249 Ga. 635 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Diane M. Moore*, for appellant.
*Barry Staples*, for appellee.