### S06A0083. CIRALDO v. CIRALDO.
(631 SE2d 640)

HINES, Justice.

Dana M. Ciraldo appeals the trial court's denial of his application to vacate an arbitration award under OCGA § 9-9-13. Finding that the proper disposition was for the trial court to dismiss the application, we reverse.

Mr. Ciraldo and Erlina Ciraldo were married in 1991. On November 17, 2003, Ms. Ciraldo filed for divorce. The parties submitted certain issues to arbitration, and an arbitration hearing was held on September 27, 2004. On January 13, 2005, the trial court issued its final judgment and decree of divorce, which stated:

> On September 27, 2004, the arbitrator . . . made an Arbitration Award which has been filed in the office of the Clerk of

---

> this Court. The Court hereby approves the Arbitration Award and incorporates the Award into this Final Judgment and Decree and hereby Orders the parties to comply with the terms thereof.

However, no arbitration award had been issued at the time of the decree; the "arbitration order" was not delivered to the parties until February 7, 2005, and was not filed with the court until February 18, 2005. On May 9, 2005, Mr. Ciraldo filed an "application to vacate arbitration award" under OCGA § 9-9-13. The trial court denied the application, and this Court granted Mr. Ciraldo's application for discretionary appeal. See OCGA § 5-6-35 (a) (2).

1. The trial court erred in stating in its order that it was incorporating a then-nonexistent arbitration award into the final judgment and decree of divorce. Courts are empowered to confirm an arbitration award upon application of a party "within one year *after*" the delivery of the award to the court. (Emphasis supplied.) OCGA § 9-9-12. A court cannot accept and incorporate into a divorce decree an incomplete and unenforceable settlement agreement. *Moss v. Moss*, 265 Ga. 802 (463 SE2d 9) (1995). See also *DeGarmo v. DeGarmo*, 269 Ga. 480 (1) (499 SE2d 317) (1998). Similarly, a court cannot accept and incorporate into a divorce decree an incomplete and unenforceable arbitration award; such an award simply does not exist, in the same manner that an incomplete agreement does not exist. An arbitration award that has not been filed with the trial court cannot be incorporated into a final judgment and decree of divorce, and it is error for the court to state that such a nonexistent award is incorporated.

2. Mr. Ciraldo did not timely file an application for a discretionary appeal from the trial court's final judgment and decree of divorce of January 13, 2005, which must have been done within 30 days of the entry of the judgment and decree. See OCGA § 5-6-35 (d). Nor did he seek to set the judgment and decree aside under OCGA § 9-11-60. Rather, he filed his "application to vacate arbitration award" on Monday, May 9, 2005. He contends that he was authorized to wait for the February 7, 2005 delivery of the arbitration award to him, and could, within three months of that date, move to vacate the award under OCGA § 9-9-13. But this argument ignores OCGA § 9-9-15, which states that when a trial court issues an order confirming an arbitration award, the award becomes a judgment of the court. No later action of an arbitrator can alter a trial court's judgment, however erroneous that judgment may be. The court's judgment was final on January 13, 2005, and all matters in litigation in the divorce action were final on that date, including those submitted for arbitration. The later purported arbitration award was of no effect. If either

party wished relief from the effect of the trial court's final judgment, it was incumbent upon him or her to challenge that order.

Mr. Ciraldo did not attempt to appeal or set aside the trial court's final order, and his "application to vacate arbitration award" addressed nothing that was before the court. To the extent that it was an untimely attack on the court's final order, it should have been dismissed.

*Judgment reversed. All the Justices concur.*

CARLEY, Justice, concurring.

I agree fully with the majority opinion, but write separately to emphasize that neither party can ever enforce the provisions of the purported arbitration award. As the majority holds in Division 1, a final judgment cannot incorporate such a non-existent and unenforceable award. Indeed, there is not "any authority for the proposition that the principle of incorporation by reference can apply prospectively to a document which has yet to be filed or made a public record because it is non-existent." *McKee v. City of Geneva*, 280 Ga. 411, 412-413 (1) (627 SE2d 555) (2006). Moreover, "the principle of incorporation by reference applies only '(i)n the absence of statutory or charter provision to the contrary . . . .' [Cit.]" *McKee v. City of Geneva*, supra at 413 (1). In construing the Georgia Arbitration Code, the majority correctly states in Division 2 that the subsequent "purported arbitration award was of no effect." (Maj. op., p. 603.) Thus, the parties to this case are statutorily precluded from any future reliance on the provisions of the purported arbitration award through the principle of incorporation by reference. See *McKee v. City of Geneva*, supra at 413-414 (1).

If either party desired that the trial court include the substance of the purported arbitration award in whole or in part, or otherwise "wished relief from the effect of the trial court's final judgment, it was incumbent upon him or her to challenge that order." (Maj. op., p. 604.) Although most such challenges would be untimely at this point, a motion to set aside under OCGA § 9-11-60 may still be appropriate if it is brought within the applicable time limitations and is properly based upon one of the grounds set forth in subsection (d) of that code section.

DECIDED JUNE 12, 2006.

*Hunter, Weinstein & Somerstein, Evin L. Somerstein, Elizabeth M. Jaffe,* for appellant.
*Alembik, Fine & Callner, Joseph M. Winter,* for appellee.