S06F1404. PAGE v. PAGE.
(635 SE2d 762)

MELTON, Justice.

This case concerns the final judgment of divorce in the marriage of Dexter M. Page (Husband) and Cara F. Page (Wife).[1] The record shows that, following the trial court's determination of custody issues, the parties stipulated to the arbitration of all financial issues, including child support. Both parties appeared for an arbitration hearing on October 10, 2005, but, prior to the hearing, they decided to attempt to reach their own agreement. The parties did reach an agreement and signed a Memorandum of Settlement covering all financial issues on the same day. Thereafter, Wife retained new counsel who, on November 1, 2005, filed a motion to set aside the settlement agreement. The trial court denied this motion, holding that it had no jurisdiction to consider the settlement agreement because the case had been referred to arbitration and only the arbitrator could consider whether the settlement agreement was valid. On December 14, 2005, the arbitrator entered an award adopting the terms of the settlement agreement. On January 6, 2006, the trial court received a letter from Husband requesting that the settlement agreement be incorporated into a final decree of divorce.[2] Four days later, the trial court signed an order submitted by Husband granting the divorce and incorporating the settlement agreement. There is no indication in this order that the trial court conducted an

---

[1] Wife's application for discretionary appeal in this matter was granted pursuant to this Court's Family Law Pilot Project.

[2] Husband asked that the decree be entered nunc pro tunc to December 30, 2005.

independent review of either Wife's motion to set aside the settlement agreement or the settlement agreement itself.

Among other claims, Wife contends that the trial court erred by: (1) finding that it had no power to consider her motion to set aside the settlement agreement and (2) failing to conduct an appropriate independent review of the settlement agreement before incorporating it into the final decree of divorce. It is well-established that, "[w]hen incorporating a settlement agreement into a final judgment of divorce, thereby making the settlement agreement the judgment of the court, the trial court has the discretion to approve or reject the settlement, in whole or in part. [Cit.]" *Gravley v. Gravley*, 278 Ga. 897, 898-899 (2) (608 SE2d 225) (2005). Moreover, it is the ultimate duty of the trial court, not an arbitrator, to determine the propriety of a settlement agreement. Even if a settlement agreement is reached with the assistance of an arbitrator and made part of an arbitrator's award, a trial court still must properly review the award prior to its incorporation into a final decree of divorce. See, e.g., *Ciraldo v. Ciraldo*, 280 Ga. 602 (1) (631 SE2d 640) (2006).

In this case, the record fails to properly reflect that the trial court independently reviewed the settlement agreement in order to determine whether its contents are within the bounds of the law prior to its incorporation into the final decree of divorce. Because the settlement agreement was reached before the arbitrator took any action in the case, the trial court could have conducted this review at the time that Wife filed her motion to set aside. The trial court, however, erroneously found that it had no power to do so, and the record fails to indicate that the trial court conducted an independent review of the issues raised in Wife's motion to set aside the settlement agreement or the settlement agreement itself prior to incorporation of the agreement into the final decree of divorce. Due to the combination of these two factors regarding the motion to set aside and the ultimate incorporation of the settlement agreement into the divorce decree, we must reverse the trial court's order and remand this case with instructions that the trial court conduct a review of the terms of the settlement agreement, including the matter of child support, in light of the issues raised by the parties.[3]

*Judgment reversed and case remanded with direction. All the Justices concur.*

---

[3] As the parties entered into a settlement agreement and negotiated an amount of child support themselves prior to the involvement of an arbitrator, we need not reach Wife's contention that child support is not a matter which can be determined by an arbitrator in binding arbitration proceedings.

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Cauthorn & Nohr, Thomas E. Cauthorn III, Lisa A. Owen*, for
appellant.
*Ronne G. Kaplan, E. Noreen Banks-Ware, Christopher J. McFad-
den, Simmons & Szcecko, M. T. Simmons, Jr.*, for appellee.