## S06F1588. D'ERRICO v. D'ERRICO.
(640 SE2d 30)

MELTON, Justice.

On June 22, 1996, John D'Errico, Jr. (Husband) and Iris Jeanette D'Errico (Wife) entered into a separation agreement drafted by Wife's counsel which recites that the parties intended the agreement to settle all questions regarding alimony, property, and all other issues of the marriage. Among other things, the agreement provided that Husband must pay $1,100 in monthly alimony, Husband shall have "exclusive use of" the marital home titled in his name, and, in the case of divorce, the agreement would be incorporated into the final decree. The agreement further provided that its terms could not be altered "except with the express written consent of the other party."

On February 13, 2003, Husband filed a complaint for divorce, and, on March 26, 2003, Wife, acting pro se after dismissing her attorney, answered and counterclaimed, requesting an interest in the marital home as well as a share of Husband's retirement pay as alimony. On September 6, 2005, Husband filed a motion for summary judgment, requesting that the trial court enter a final divorce decree incorporating the separation agreement. In her written response to Husband's motion for summary judgment, Wife, who had employed new counsel, argued only that the separation agreement failed to resolve ownership of the marital home. No argument was made regarding Husband's retirement benefits. The trial court granted Husband's motion for summary judgment, finding "that there exists no genuine issue as to any material fact since all of the issues arising from the marital union of the parties were resolved in the separate maintenance agreement entered into by the parties." On the same day, the trial court entered a decree of divorce, stating that the separation agreement "is hereby approved and incorporated herein by reference as the final judgment of this Court as if each term thereof were quoted verbatim herein." Wife now appeals from the trial court's rulings.

1. Wife contends that the trial court erred by finding that all issues of the divorce were settled by the separation agreement. The separation agreement explicitly states, however, that the parties intended it to "settl[e] all questions pertaining to alimony, property and all other issues of the marriage." The parties further agreed that "in the event that either party shall bring an action for dissolution of the marital relationship or for separate maintenance, this agreement shall be presented to the Court and incorporated by reference into any temporary order, judgment or decree concerning the matters herein." Wife freely entered into this agreement which was drafted by her own counsel, and given the explicit terms it contains, the trial court did not abuse its discretion in approving the settlement agreement,

finding that it addressed all areas pertinent to the divorce, and incorporating it into the final decree of divorce. *Gravley v. Gravley*, 278 Ga. 897 (2) (608 SE2d 225) (2005).

2. Wife contends that the trial court erred by finding that she had no ownership rights in the marital home pursuant to the separation agreement. It is undisputed that, at the time that the agreement was executed, Husband held title to the property. The separation agreement neither diminishes Husband's ownership rights nor grants any such rights to Wife. Moreover, the agreement states that "[b]oth parties agree that Husband shall have exclusive use of the home of the parties . . . and shall remain solely responsible for the indebtedness owed on said home." This language supports a determination that Husband retains ownership of the home, as Wife made no property claim to it in the separation agreement. Therefore, the trial court did not abuse its discretion. Id.

3. Wife contends that the trial court erred by entering a final decree of divorce which did not consider Wife's claim for alimony related to Husband's military and civil service retirement pay. As pointed out in Division 1, however, Wife was bound by the settlement agreement because, as drafted by Wife's attorney, it states that the parties previously had settled all issues of property and alimony.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Maxine Hardy*, for appellant.
*Michael D. Reynolds*, for appellee.