## S07F0763. ARNOLD v. ARNOLD.
(647 SE2d 68)

THOMPSON, Justice.

We granted the application to appeal in this divorce action pursuant to the Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). For reasons that follow, we affirm.

Mark and Sharon Arnold were divorced by order of the trial court on October 31, 2006. Prior to entry of that order, they executed an agreement resolving all issues in the divorce action. The agreement was submitted to the trial court for its approval and incorporation into the final judgment. Before entry of the final decree, husband filed a motion to set aside the agreement contending that it disproportionately distributed his military retirement income and that child support had been incorrectly calculated. The motion was later amended to include allegations of newly discovered evidence of wife's alleged adultery during the marriage, non-disclosure of assets, and repudiation of the agreement based on her failure to comply with the agreement. After a hearing, the trial court denied the motion to set aside and husband appealed.[1]

We find no error in the trial court's denial of the motion to set aside the settlement agreement. In a divorce action, a settlement agreement, "if accepted by the court, becomes the judgment of the court itself and therefore the court has the discretion to approve or reject the agreement, in whole or in part. [Cit.]" *Bridges v. Bridges*, 256 Ga. 348, 350 (349 SE2d 172) (1986). See *Gravley v. Gravley*, 278 Ga. 897 (2) (608 SE2d 225) (2005). The trial court may exercise its discretion to approve or disapprove an agreement notwithstanding the binding effect of the agreement as to the parties themselves. *Hodges v. Hodges*, 261 Ga. 843 (1) (413 SE2d 191) (1992).

While the trial court's discretion is not absolute and can be abused, see *Vereen v. Vereen*, 226 Ga. 500, 501 (2) (175 SE2d 865) (1970), we find no abuse of discretion here. Both husband and wife testified that husband signed the agreement voluntarily and that he read and understood the effect of its provisions. There was no evidence that wife misrepresented the parties' assets or that the agreement was obtained by other fraudulent means. Although wife may be subject to contempt for her alleged failure to pay a debt as required under the agreement, her non-compliance did not constitute a repudiation of the agreement or otherwise divest the trial court of

---

[1] In a separate order, the trial court made a downward modification of the child support award based on an accurate calculation of husband's post-divorce income. The parties do not challenge that order on appeal.

its discretion to accept or reject the settlement agreement before incorporating it into the final decree. See *Page v. Page*, 281 Ga. 155, 156 (635 SE2d 762) (2006) (trial court has duty to determine propriety of settlement agreement prior to incorporation into final divorce decree).

The record reflects that after receiving evidence and considering arguments of the parties, the trial court reviewed the settlement agreement, found it to be within the bounds of the law, and incorporated it into the final judgment and decree. See *Page v. Page*, supra at 156; *Gravley v. Gravley*, supra at 898 (2). Accordingly, the order denying the motion to set aside is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007.

*James M. Allison, Jr.*, for appellant.
*Robert A. Kunz*, for appellee.