FINAL COPY
294 Ga. 705

S13F1561.  BUCKNER v. BUCKNER.

BENHAM, Justice.

Acting pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia, we granted the application of appellant Angela Buckner (Wife) for discretionary review of the trial court's order denying her motion to set aside the consent final judgment of divorce entered in the action filed by appellee Mark Buckner (Husband) and denying her motion to rescind or reform the settlement agreement the parties signed.  The record reflects that on December 20, 2012, the parties appeared for a final hearing on their divorce proceeding but continued to negotiate in an attempt to reach a settlement.  On that day, the parties memorialized an agreement by using a letter that had been prepared by Husband's counsel as a prior settlement offer and modifying it with handwritten notations in the margins and handwritten terms on additional pages.  The document was then signed by both parties and their counsel, and counsel announced to the court that the parties had reached an agreement and executed a settlement memorandum.  The settlement document was filed with the clerk but not read into the record.

The original settlement offer letter contained language granting Husband the "marital abode" and that language was not marked out or modified. Nevertheless, Wife claims that throughout the two-and-a-half year period in which this action was pending, she unequivocally demanded to keep the marital home, which she had acquired prior to the marriage, and she claims she never consented to grant Husband the home at any time during the final settlement negotiations. In fact, she claims the agreement reached was for Wife to keep the home and that it was a mutual mistake that this term was not correctly reflected on the settlement memorandum. Later in the day on which the parties announced they had reached a settlement agreement, Husband's counsel sent to Wife's counsel a draft of a proposed consent final judgment and decree of divorce that contained not only the terms set out in the settlement memorandum, including the award of the marital home to Husband, but also contained what Wife asserts were additional substantive terms not addressed in the settlement memorandum. Counsel for both parties continued to exchange proposed drafts of the final order.

After Husband claimed the house was his own and attempted to gain possession of the house, Wife's counsel notified the trial court by letter on

January 17, 2013, that she intended to file a motion to set aside the settlement because there were errors in the settlement document, namely, that the agreement erroneously awarded the marital home to Husband. On January 22, 2013, Wife filed the motion titled "Motion to Set Aside Memorandum of Settlement Not Representative of the Understanding of the Parties or in the Alternative Motion to Withdraw from and Set Aside Agreement" along with supporting affidavits. Minutes after Wife filed her motion, however, the trial court entered an order titled "Consent Final Judgment and Decree," to which the disputed settlement memorandum was attached. The order reflects it was prepared by Husband's counsel and the space provided for Wife's counsel to indicate her consent to the order is not signed. It is apparently undisputed that the proposed order was submitted ex parte. Wife then filed a motion to set aside the judgment on the ground the settlement memorandum attached to the order was signed by mutual mistake and did not represent a meeting of the minds. In the brief supporting the motion, Wife also asserted the terms of the final decree were neither fair nor equitable since it required her to forfeit valuable assets, including the couple's business and her premarital home, leaving her with a large income tax liability and without an equitable award of marital assets.

3

After conducting an evidentiary hearing, the court denied the motion.

In the order granting Wife's application for discretionary review, this Court indicated it was particularly concerned with the following issues:

1. Did the parties enter into a settlement agreement? If so, what were the terms of the agreement?
2. Did the trial court err in entering the decree of divorce based on the purported settlement agreement?
3. Did the trial court err in refusing to set aside the decree of divorce?

For the following reasons, we affirm that part of the order denying Wife's motion to rescind or set aside the settlement agreement but we reverse that part of the order denying Wife's motion to set aside the "Consent Final Judgment and Decree," and we vacate the final judgment.

1. With respect to whether the parties reached an enforceable settlement agreement, both Wife and her counsel admitted they executed the document the parties referred to as the memorandum of settlement. The settlement memorandum contained various terms, including the term "[Husband] will get the former marital abode and the shop," and the term "[Husband] gets the business." It also stipulated which of the two parties would be awarded various other personal and real property, including another house awarded to Wife. It

4

set forth a schedule of cash payments to be made by Husband to Wife and to her counsel,[1] pledged the cooperation of the parties in filing amended business tax returns for the purpose of reducing Wife's tax liability, and contained other miscellaneous provisions.

The fact that the parties continued to negotiate various additional details to the settlement agreement after they announced a settlement had been reached by exchanging versions of a proposed consent order is not evidence, in this case, that the parties had not reached an enforceable agreement regarding settlement of the marital estate. The various drafts refined the details of the settlement, such as the time and method for exchanging the awarded property and assigning responsibility for the parties' individual and business debts to the party who was awarded the asset on which the debt was incurred. We do not construe this assignment of debt to be a material term that alters the substance of the agreement, particularly since the parties appeared to have agreed to this assignment of debt in their exchange of various drafts of the proposed consent order. The only significant difference between these drafts was that in each

---

[1] The cash payments to Wife were increased in handwritten revisions by a total of $22,000, which was approximately half the equity value of the marital abode.

draft proposed by Husband, the marital home was to be awarded to him, as reflected in the settlement memorandum, and in each draft proposed by Wife, the marital home was to be awarded to her. In this case, the original settlement memorandum was not inadequate or unenforceable as a result of leaving substantive matters for later resolution. Compare *Moss v. Moss*, 265 Ga. 802 (463 SE2d 9) (1995) (concluding a written settlement agreement was incomplete and unenforceable because it left for future agreement the method for appraising the property to be transferred from the husband to the Wife, which was a material term). Likewise, except for the continued dispute over the award of the marital home, the details supplied in the proposed consent orders the parties exchanged after executing the settlement memorandum did not relate to material matters that revised the agreement's substantive terms. Consequently, we reject the assertion that this exchange of documents supports the conclusion that the parties had not reached an enforceable agreement. Compare *DeGarmo v. DeGarmo*, 269 Ga. 480, 481 (1) (499 SE2d 317) (1998) (concluding a written settlement agreement was incomplete and unenforceable as evidenced by the fact that the parties continued to make multiple substantive revisions to it).

Settlement agreements in divorce cases are construed in the same manner

6

as all other contractual agreements. *Jones v. Jones*, 280 Ga. 712, 714 (1) (632 SE2d 121) (2006). Even a pro se litigant has the duty to read a contract before signing it and by signing, the party is bound by its terms

> unless [she] can show that an emergency existed at the time of signing that would excuse [her] failure to read it, or that the opposite party misled [her] by an artifice or device which prevented [her] from reading it, or that a fiduciary or confidential relationship existed between the parties upon which [she] relied in not reading the contract.

*Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421) (1975). No evidence was presented in this case that would relieve Wife from being bound by the terms of the document she and her counsel signed. Both Wife and her trial attorney testified they were mistaken about the fact that the document they signed stated the home would go to Husband and not to Wife, and they also testified the parties did not agree to award the home to Husband but actually agreed the Wife would get the home. Consequently, she argues mutual mistake. The credibility

7

of witnesses, however, is for the trial court sitting as the trier of fact, and we find no error in the court's conclusion that the evidence failed to show mutual mistake. See *Kennedy v. Kennedy*, 243 Ga. 275 (253 SE2d 761) (1979). Further, the mistake could have been discovered by exercising reasonable diligence. See *Primary Investments, LLC v. Wee Tender Care III, Inc.*, 323 Ga. App. 196, 201 (2) (746 SE2d 823) (2013) (finding no error in the grant of summary judgment against the party seeking to rescind and reform a contract where that party had ample opportunity to read the draft of the agreement it signed and to discover a change in one of the terms from a previous draft but did not); *Decision One Mortgage Co., LLC v. Victor Warren Properties, Inc.*, 304 Ga. App. 423, 425 (696 SE2d 145) (2010). We conclude the parties reached an enforceable settlement agreement and that the trial court did not err in denying Wife's request to rescind or reform it.

2. The trial court erred, however, when it entered an order titled "Consent Final Judgment and Decree" even though no record evidence exists that Wife consented to its entry. The proposed order, presented ex parte to the trial court, reflects that Wife's counsel's signature is missing from the space indicating her consent. More importantly, Wife's counsel notified the trial court by letter

8

several days prior to the date the order was entered that Wife believed there was a "glaring error" in the settlement memorandum and asked the trial court not to enter a final order in the case until she could be heard on a soon-to-be-filed motion to set aside.

Here, Husband's counsel knew Wife refused to abide by the terms of the settlement memorandum. He knew Wife's counsel had not consented to the proposed order he drafted. Nevertheless, he submitted the proposed order to the trial court ex parte, without notifying Wife's counsel. "A lawyer who obtains a judge's signature on a decree in the absence of the opposing lawyer where certain aspects of the decree are still in dispute, may have violated *Rule 3.5: Impartiality and Decorum of the Tribunal* regardless of the lawyer's good intentions or good faith." Comment 3B to Rule 3.5 of the Georgia Rules of Professional Conduct. At the least, this conduct demonstrates a disappointing lack of professionalism of Husband's trial counsel.[2] The better practice would have been for Husband's counsel to file a motion to enforce the settlement agreement, to which Wife would have been afforded the opportunity to file a response within 30 days, pursuant to Uniform Superior Court Rule 6.

---

[2] Husband's appellate counsel is not the attorney who executed the Consent Order.

9

In ruling on a motion to enforce, the trial court would have then been required to determine whether the parties had reached an enforceable agreement that was within the bounds of the law before entering a final judgment in the matter. We recognize the trial court conducted an evidentiary hearing in this case and correctly ruled that the settlement memorandum was enforceable. But we do not find the erroneous denial of Wife's motion to set aside the "Consent Final Judgment" to be harmless error. In this case, since the trial court apparently knew or should have known that the parties had not consented to the proposed order, it should not have entered the order without further inquiry into the equitable issues raised by Wife's motion to set aside the final decree. At the hearing on Wife's motion to set aside the final judgment, the trial court announced that the only issue it was hearing was whether there was a mutual mistake that would permit the court to set aside the settlement agreement filed in the case. Based upon its finding that there was no mutual mistake as to the terms of the settlement memorandum executed by the parties, the trial court concluded that no grounds exist upon which it may grant rescission of the settlement agreement or grant the motion to set aside the final judgment. Wife's motion sought relief pursuant to the court's inherent power, pursuant to OCGA

10

§ 15-1-3 (6), to exercise discretion to amend or set aside a judgment, which may be done for any meritorious reason, provided the motion to set aside is filed during the term in which the judgment was rendered.[3]  See *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003).  In fact, the trial court should have exercised its discretion to set aside the judgment because it should not have been entered in the first place, at least not in the form of a consent order.  Even in a case in which the parties to a divorce action have reached a settlement agreement, the trial court has a duty to make an independent determination of "whether its contents are within the bounds of the law prior to its incorporation into the final decree of divorce."  *Page v. Page*, 281 Ga. 155, 156 (635 SE2d 762) (2006).  The trial court has the discretion to approve or reject a divorce settlement agreement in whole or in part.  See *Arnold v. Arnold*, 282 Ga. 246 (647 SE2d 68) (2007).

The record reflects the trial court failed to exercise its discretion in this case and shows, instead, that the court entered a proposed "consent" order to which the Wife did not consent.  Further, by announcing the only purpose of the

---

[3] It is undisputed that Wife's motion was filed in the same term of court in which the final judgment was entered.

hearing was to determine whether mutual mistake provided a ground for rescinding the settlement agreement, it appears Wife was not afforded the opportunity to present evidence in support of her assertion that the proposed order, even though based upon the settlement agreement, would result in an inequitable division of marital assets. Accordingly, the order denying Wife's motion to set aside the final judgment is reversed, and the final judgment is vacated.

Judgment affirmed in part, reversed in part, and vacated in part. All the Justices concur.

Decided March 3, 2014.

Domestic relations. Paulding Superior Court. Before Judge Osborne.

Candace E. Rader, Daniel B. Greenfield, for appellant.

Bryan R. Howard, Edward T. Murray, for appellee.