In the Supreme Court of Georgia

Decided: February 1, 2016

S15F1535.  STEELE v. STEELE.

HUNSTEIN, Justice.

Pursuant to Supreme Court Rule 34 (4), we granted the application for discretionary appeal filed by Appellant Thomas Jerry Steele ("Husband") seeking leave to challenge the final judgment and decree effectuating his divorce from Appellee Ashley Olivia Steele ("Wife").  Husband contends that the trial court improperly incorporated into the divorce decree a settlement agreement that is unenforceable.  We find no error and affirm.

Wife filed her complaint for divorce in 2011.  Just before jury selection in their November 2014 specially-set trial, the parties, through their counsel, negotiated a Memorandum of Settlement, which was memorialized in a partially typewritten and partially handwritten document signed by both parties and their counsel.  In the Memorandum, the parties agreed, inter alia, that Wife would receive lump-sum alimony, to be satisfied either by a $400,000 cash payment, to be made by November 24, 2014, or else by a deed granting Wife a 40%

interest in Husband's residence in Rosemary Beach, Florida. The Memorandum also provided that Husband would file, or cause others to file, a dismissal with prejudice of certain lawsuits being prosecuted by him and his adult sons against Wife. The parties announced to the trial court their settlement, with each acknowledging, under oath, that they had signed the Memorandum and believed it was "fair and reasonable."

Wife's counsel thereafter drafted a proposed divorce decree incorporating the terms of the Memorandum and presented it to Husband's counsel. Husband refused to execute it. Approximately one month later, still lacking Husband's agreement, Wife filed a motion to enforce. Following a hearing, the trial court granted Wife's motion to enforce and entered the decree proposed by Wife as the Final Judgment and Decree of Divorce.

1. Husband contends that the trial court erred in adopting the provisions of the Memorandum because it lacked essential terms and was therefore unenforceable. Our review of the enforceability of a settlement agreement is de novo. Allen v. Sea Gardens Seafood, Inc., 290 Ga. 715 (2) (723 SE2d 669) (2012). It is well-established that "[s]ettlement agreements in divorce cases are construed in the same manner as all other contractual agreements." Buckner v.

2

Buckner, 294 Ga. 705, 708 (1) (755 SE2d 722) (2014). No contract exists unless the parties have agreed on all essential terms, and "the failure to agree to even one essential term means there is 'no agreement to be enforced.'" Reichard v. Reichard, 262 Ga. 561, 564 (2) (423 SE2d 241) (1992). Essential terms of a contract include the subject matter and purpose of the contract, the identity of the parties, and the consideration. John K. Larkins, Jr., Ga. Contracts Law and Litigation § 5:1 (2d ed.) (database updated Sept. 2015). Compare Moss v. Moss, 265 Ga. 802 (463 SE2d 9) (1995) (method of appraising real property was an essential term of divorce settlement agreement requiring transfer of property of a specified value), with Kreimer v. Kreimer, 274 Ga. 359 (2) (552 SE2d 826) (2001) (identity of particular stocks to be transferred under divorce settlement agreement was not an essential term where parties had agreed that transfer would leave each party with shares of equal after-tax value).

Husband recites a litany of items that were not addressed in the Memorandum of Settlement and, on this basis, contends the Memorandum was incomplete and incapable of enforcement. None of these omitted items, however, was essential to the formation of a binding agreement. Most of these items – for example, the time frame for execution of the written agreement and

3

approval by the trial court and the "method for presentation" of the agreement to the court – relate only to non-material procedural matters, not the substance of the parties' rights and obligations. See Buckner, 294 Ga. at 707 (time and method for exchange of awarded property was not an essential term). Likewise, the omission of a legal description or address for the Rosemary Beach property is of no consequence, as it is undisputed that Husband owns only one property in Rosemary Beach. The same is true of the failure to include the case names or styles of the lawsuits Husband agreed to dismiss, where there is no dispute between the parties as to the identity of the suits in question.[1] The Memorandum's failure to address jointly owned property, which Husband also decries, is not a fatal omission, given that he has adduced no evidence (nor even alleged) that any such property exists. In short, the Memorandum "was not inadequate or unenforceable as a result of leaving substantive matters for later resolution." Buckner, 294 Ga. at 708.

---

[1]Regarding this provision, Husband also claims the Memorandum is unenforceable because it requires Husband to ensure the performance of third parties who are not bound by the agreement – namely, his sons. However, though this fact might pose challenges to Husband's ability to perform under the agreement, it does not render the agreement unenforceable. If Husband believed he lacked the ability to convince his sons to dismiss the lawsuits – a dubious contention given that they apparently share the same counsel in at least some of their litigation – then he was unwise to agree to this provision.

4

2. Once a trial court determines that a divorce settlement agreement is enforceable, it then must discharge its "duty to make an independent determination of 'whether [the agreement's] contents are within the bounds of the law.'" Buckner, 294 Ga. at 710. In fashioning its final judgment and decree, the trial court retains "the discretion to approve or reject a divorce settlement agreement in whole or in part." Id.; accord Gravley v. Gravley, 278 Ga. 897 (2) (608 SE2d 225) (2005).

Here, the trial court conducted an evidentiary hearing on Wife's motion to enforce, at which it heard testimony from Husband's former attorneys – who had by that time withdrawn from the case – regarding the negotiation and execution of the Memorandum. The court also received evidence that, a few weeks after the Memorandum was signed, Husband conveyed the Rosemary Beach property to a judgment creditor to secure payment under a consent judgment settling separate litigation. To the extent Husband now claims that this "change of circumstances" militates against enforcement of the Memorandum, we disagree. See Arnold v. Arnold, 282 Ga. 246 (647 SE2d 68) (2007) (trial court did not abuse discretion in approving and incorporating divorce settlement agreement despite circumstances arising after execution

5

thereof). This is particularly true here, where Husband himself agreed to mortgage the property despite having full knowledge of the obligations he had already assumed under the Memorandum. See generally Mobley v. Lott, 127 Ga. 572 (56 SE 637) (1907) (party may be held liable for breach of contract where he renders his performance impossible by his own acts). The trial court did not, therefore, abuse its discretion in incorporating the terms of the Memorandum into the final divorce decree.

3. Once a trial court has approved a divorce settlement agreement, the court must ensure that the resulting divorce decree accurately reflects the terms of the settlement. DeGarmo v. DeGarmo, 269 Ga. 480 (1) (499 SE2d 317) (1998). In this case, comparing the Memorandum of Settlement to the final judgment and decree of divorce, we conclude that the latter accurately reflects the former. Contrary to Husband's contention, the mere fact that the divorce decree sets forth certain terms more artfully and with greater specificity than the Memorandum does not render it inaccurate or improper. Though Husband makes much of the fact that the divorce decree states that the parties' marriage is "irretrievably broken" while the Memorandum is silent on the grounds for divorce, the addition of this term in the final divorce decree was proper given

that the grounds for divorce have never been in dispute. See <u>Buckner</u>, 294 Ga. at 707-708 (addition of provision regarding assignment of debt on assets was not improper, where such assignment was never contested between the parties). The fact that the Memorandum provided that each party would keep all property "in their respective names," whereas the final decree states that each party is to keep all property in their "possession," is of no moment, absent any evidence that either party actually possesses property that is titled in the other's name. Cf. <u>DeGarmo</u>, 269 Ga. at 480-481 (final decree did not accurately reflect settlement, where decree contained exceptions to award of property that were not included in the settlement agreement, and other substantive terms regarding inheritance rights and confidentiality were added). In sum, the final judgment and decree accurately reflects the terms set forth in the Memorandum.

4. To the extent the final decree incorrectly represents that both parties have consented to its entry, such infirmity is of no consequence, as the decree is, in substance, an order enforcing the parties' settlement agreement. See <u>Allen</u>, 290 Ga. at 717. The trial court did not err in entering the final judgment and decree to dispose of Wife's motion to enforce. Accordingly, we affirm.[2]

<u>Judgment affirmed. All the Justices concur.</u>

---

[2]Wife's motion to dismiss is hereby denied.