# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0043. CHRISTY MCCULLOUGH WOMACK v. RICHARD MICHAEL WOMACK.

Christy McCullough Womack ("Wife") sued Richard Michael Womack for divorce. The parties participated in mediation, after which Wife filed a motion to enforce an alleged settlement agreement. The trial court denied the motion, ruling that no enforceable agreement had been reached. Wife seeks discretionary review of that ruling, but we lack jurisdiction.

Ordinarily, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be brought by application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984). However, the order that Wife seeks to appeal is interlocutory, as no final judgment has been entered. See *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). See also OCGA § 5-6-34 (a) (1) (B). Accordingly, Wife was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). See also *Claxton v. Adams*, 357 Ga. App. 762, 764–66 (1) (849 SE2d 494) (2020) (even an order *granting* a motion to enforce a settlement agreement is interlocutory unless it also explicitly enters final judgment). And where both discretionary and interlocutory appeal procedures apply, an applicant must follow the

interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1).

In her application, Wife cites *Stookey v. Stookey*, 274 Ga. 472 (554 SE2d 472) (2001), in which the Supreme Court granted a discretionary application from the denial of a motion to enforce a divorce settlement, for the proposition that a discretionary application is permissible here.[1] However, it is not clear from the *Stookey* opinion whether the case remained pending in the trial court when the application was filed. In any event, the opinion did not discuss appellate jurisdiction, so "no binding precedent was established." *Durham v. Durham*, 291 Ga. 231, 234 (2) (728 SE2d 627) (2012) (punctuation omitted). In this case, the order to be appealed is unquestionably interlocutory, and well-settled precedent dictates that an interlocutory application is required to obtain appellate review at this juncture. See *Bailey*, 266 Ga. at 833.

Wife's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this discretionary application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,____09/11/2025_____

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] In contrast to *Stookey*, see *Mathes v. Mathes*, 267 Ga. 845 (483 SE2d 573) (1997), in which the Supreme Court granted an interlocutory application from the denial of a motion to enforce a divorce settlement, and *Messick v. Messick*, 359 Ga. App. 481 (858 SE2d 758) (2021), in which this Court did the same.