### 74205. BASDEN v. BASDEN.
(358 SE2d 317)

BENHAM, Judge.

Appellant and appellee were married from 1980 until October 11, 1984, when a judgment of divorce was entered. On September 24, 1984, the parties entered into a written settlement agreement, which the trial court incorporated into the divorce judgment. The agreement stated that it settled all questions of division of property. On July 2, 1985, appellant filed suit against her former husband, alleging that he owed her over $21,000 in loans she had made to him. He answered the complaint by denying the allegations and raising as a defense the divorce judgment and settlement agreement as a discharge and satisfaction of all the claims she asserted. Appellee moved for summary judg-

ment on the grounds of res judicata, and the trial court granted appellee's motion. Appellant appeals, and we affirm.

1. Appellant contends that the trial court erred in granting summary judgment because the prior divorce proceeding in which the parties were involved is not res judicata as to the matters raised by appellant's complaint and because the agreement entered into by the parties as part of their divorce proceeding has been misinterpreted. We disagree. The September 24, 1984, agreement, which was incorporated into their final divorce decree, stated that it was the intention of the parties to settle all questions of division of property and other property rights; that there were no promises, terms, conditions or obligations other than those contained in the agreement; and that the agreement superseded all previous oral or written communications, representations, or agreements between the parties. The agreement also included a statement that appellant agreed to waive any right to alimony payments to be paid by appellee. Appellant was aware that the monies in dispute were allegedly owed to her at the time of the settlement agreement and divorce proceedings, and the statements therein indicate that the judgment in the alimony and division of property case is res judicata. *Prince v. Prince*, 147 Ga. App. 686 (250 SE2d 21) (1978). Compare *Fletcher v. Fletcher*, 143 Ga. App. 404 (2) (238 SE2d 753) (1977), in which a directed verdict on a complaint in trover was reversed because the divorce decree only settled property rights with regard to the parties' "furnishings," a term that was not defined in the divorce decree.

2. Appellant also argues that her deposition and affidavit show that the parties agreed orally that the loans in question would not be involved in the divorce proceeding. She cites *Cooper v. Vaughan*, 81 Ga. App. 330, 338 (58 SE2d 453) (1950), for the proposition that all prior or contemporaneous parol agreements between the same parties are not necessarily merged into a written contract. However, in *Cooper*, the court said that "[a] distinct collateral oral agreement, *not inconsistent with the written one*, is not so merged." Id. (Emphasis supplied.) The oral agreement appellant seeks to enforce here *is* inconsistent with the written agreement, since the written agreement clearly states that it superseded all previous oral agreements between the parties. Here, as in *Cooper*, the appellant is making an "attempt to vary the terms of a written contract by parol testimony and [it] can not be done." Id. at 339. Appellant's deposition and affidavit raise no issue of material fact, and the trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 3, 1987.

*Charles F. Reeves*, for appellant.
*Ernest H. Stanford, Jr.*, for appellee.