76334. SCOTT et al. v. STROUD.
(369 SE2d 51)

DEEN, Presiding Judge.

Eddie Stroud and appellant's daughter, Renita, entered into an agreement on October 28, 1985, which was later incorporated into their final divorce decree, which expressed the desire that it be "a full, complete and final settlement of all property rights and claims resulting from [their] marriage." Eddie Stroud was to receive all the real property owned by the couple, and Renita waived all claims that she might have in his property.

During the course of the marriage, appellants gave their daughter

$15,000 in cash on two separate occasions ($5,000 and $10,000 respectively) which went toward the couple's purchase of their marital residence. Appellants admit that when the money was given to Renita there was no understanding that the funds were to be repaid. It was intended to be a gift. They now maintain, however, that when Eddie and Renita divorced, Renita waived her interest in the real property owned by the couple in exchange for Eddie's repayment of the money. The separation agreement contains no such promise. Eddie apparently made an oral promise to the Scotts to repay all or part of the money. He claims he promised to repay $10,000 provided no one else was involved in the divorce; and when he learned that Renita was involved with someone else, he refused to pay. The Scotts claim that he agreed to repay the full $15,000 without any conditions attached. The Scotts, however, maintain that they have no personal interest in the funds and that they intend to give any money recovered from appellee to their daughter.

The court below denied Stroud's motion for summary judgment, but on a motion for reconsideration, found that the Scotts made an inter vivos gift to their daughter, that any promise by Eddie Stroud to repay the money was not supported by consideration and that the Scotts were not the real party in interest in the lawsuit and dismissed the case. The Scotts appeal. *Held*:

In *Basden v. Basden*, 183 Ga. App. 188 (358 SE2d 317) (1987), the separation agreement stated that it settled all questions of division of property, etc., and indicated an intent to settle all questions of property division and other property rights. The court found the agreement to be a final disposition of these matters. The agreement in the instant case does likewise, and it is obvious that appellants are seeking to do that which their daughter is precluded from doing for herself. Appellants admit that the funds in question were a gift. It was therefore irrevocable. See OCGA § 44-5-80. *Drake v. Wayne*, 52 Ga. App. 654, 660 (184 SE 339) (1935), holds that an inter vivos gift " 'operates, if at all, in the donor's lifetime, immediately and irrevocably; it is a gift executed . . .' 'To make a valid gift, there must be a present intention to give, and a complete renunciation of right, by the giver, over the thing given, without power of revocation, and a full delivery of possession as a gift, inter vivos.' [Cit.]" Further, even assuming appellee's oral promise to repay, such a promise would have been unsupported by new consideration and thus nudum pactum. OCGA § 13-3-40.

This would be true even if Renita had brought the action. Moreover, in Renita's case, the final decree of divorce, incorporating an agreement reciting that it is a full and final settlement of all rights, claims, and demands between the parties as a result of the marriage, would preclude her recovery. *Basden v. Basden*, supra. Accordingly,

we find the trial court erred in dismissing the action, based on a failure to bring it in the name of the real party in interest. As no impediment appears to a decision on the merits, the trial court's judgment of dismissal is vacated and this case is remanded for entry of judgment in favor of appellee on his motion for summary judgment.

*Judgment reversed and case remanded with direction. Carley and Sognier, JJ., concur.*

DECIDED APRIL 19, 1988.

*Cecil L. Clifton, Jr.*, for appellants.
*William R. Oliver*, for appellee.