## 77456. ANDERSON v. LARKIN.
(378 SE2d 707)

BIRDSONG, Judge.

This is an appeal from the order of the State Court of Fulton County granting plaintiff/appellee's motion for summary judgment and denying defendant/appellant's motion for summary judgment.

Appellant Carole Anderson and appellee Charles Larkin formerly were married. On March 7, 1986, presumably in contemplation of her forthcoming divorce from appellee, appellant executed a legal document which pertinently provides that she does "promise to pay [appellee] $3000.00 in exchange for a Deed from him to [her] transfering [sic] his one-half undivided interest in title to property at 360-4th Street, Atlanta, Georgia. Payment will be made upon completion of refinance of the current mortgage secured by said property." Appellee subsequently executed the required deed, and appellant subsequently refinanced the property.

Appellant and appellee thereafter executed a property settlement agreement, which ultimately was incorporated into and made a part of the parties' final judgment and decree of divorce. The settlement agreement, in part, provides that "[w]hereas the parties have agreed to and completely effected *a division of real property* prior to the filing of the aforementioned action which is completely satisfactory to each; and . . . [w]hereas each party maintains no further claims against the other party insofar as real· or personal property is concerned *except as mentioned herein.* Now therefore each party re-

leases and holds harmless the other party from any and all further claims as to real or personal property which he or she might *otherwise* have as a result of their marriage." (Emphasis supplied.)

Following refinancing of the property, appellant declined to pay appellee the $3,000 in question, and appellee initiated suit seeking a money judgment based upon the averred promissory note. *Held*:

Appellant asserts that the trial court erred in denying her motion for summary judgment and in granting appellee's motion therefor.

Appellant consistently has defended her position on the grounds that the entry of the parties' Final Judgment and Decree of Divorce, which incorporated the settlement agreement executed by the parties, indicated an intent to settle all questions of property divisions and other property rights, and therefore, was a discharge and satisfaction of the claims raised by the appellee's complaint on the grounds of res judicata.

The final judgment and decree on its face incorporates therein the terms of the property settlement. Thus, the primary issue to be resolved concerns the meaning of the settlement agreement terms.

The facts of this case are distinguishable from the facts in *Scott v. Stroud*, 186 Ga. App. 869 (369 SE2d 51); *Basden v. Basden*, 183 Ga. App. 188 (358 SE2d 317); and *Prince v. Prince*, 147 Ga. App. 686 (250 SE2d 21). In particular, the settlement agreement in this case expressly refers to a *prior* division of real property made by the parties, which was "completely satisfactory" to each. Thus, these cases are not dispositive of the issue before us.

" '[T]he true rule of res judicata in divorce and alimony cases seems to be that a final decree has the effect of binding the parties and their successors as to all matters which were actually put in issue and decided, or which by necessary implication were decided between the parties.' " (Emphasis deleted.) *Brookins v. Brookins*, 257 Ga. 205, 207 (357 SE2d 77). However, "[w]here the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. [Cits.] In approving and adopting a settlement agreement, the court adopts the meaning and effect of the agreement as it was intended by the parties." *Cousins v. Cousins*, 253 Ga. 30 (1) (315 SE2d 420); see *Prince*, supra at 688. Considering in toto the final judgment and decree, the settlement agreement, and the subject note, together with the factual admissions of the parties, it is clear that the settlement agreement was not intended as the complete agreement of the parties regarding the disposition of real property. Rather, the settlement agreement was but a partial integration of the parties' contractual intent regarding the disposition of their real property; and, that as to the real property located at 360-4th Street, the terms recited in the

note, executed by the appellant on March 7, 1986, were intended to be controlling.

Applying the applicable legal principles pertaining to the review of summary judgment issues by this court, see generally *Norton v. Ga. R. Bank &c.*, 253 Ga. 596, 603 (322 SE2d 870), we are satisfied that the trial court did not err. Appellant's enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 13, 1989.

*Gregory Z. Schroeder*, for appellant.
*Frank L. Derrickson*, for appellee.