S95A0981. MOSS v. MOSS.
(463 SE2d 9)

BENHAM, Chief Justice.

During the pendency of their divorce, the parties and their attorneys entered into a court-ordered mediation session and emerged with a written settlement agreement. The two provisions of that agreement most pertinent to this appeal were that Mr. Moss would transfer to Ms. Moss real property of a specified value and that the method of appraising the property would be agreed upon by the at-

---

torneys. Mr. Moss learned within a few days after the mediation that the agreement would cost him a significant amount in increased tax liability and sought to repudiate the agreement. Ms. Moss filed a motion in the trial court to enforce the agreement. One of the grounds Mr. Moss raised in opposition to the motion to enforce was that the provision in the agreement for the attorneys to agree on a method of appraisal rendered the agreement unenforceable as a mere agreement to agree. The trial court enforced the agreement and incorporated it into the divorce decree. We granted Mr. Moss's discretionary appeal application to address the issue of whether the agreement reached in mediation and signed by the parties was an enforceable settlement agreement.

The outcome of this appeal is controlled by the holding in *Reichard v. Reichard*, 262 Ga. 561 (2) (423 SE2d 241) (1992): " 'No contract exists until all essential terms have been agreed to,' [cit.], and the failure to agree to even one essential term means there is 'no agreement to be enforced,' [cit.]." Contrary to Ms. Moss's argument on appeal, the evidence does not show that a method of appraisal was agreed upon. The missing term could not be supplied by the trial court because a divorce "decree should . . . accurately reflect a settlement reached by the parties," (*Robinson v. Robinson*, 261 Ga. 330, 331 (404 SE2d 435) (1991)), "and a trial court is not authorized to adopt and incorporate into the final decree and judgment of divorce a purported memorialization of the settlement that contains more substantive terms than the settlement." *Reichard*, supra at 564.[1] We cannot agree with Ms. Moss that the provision regarding the method of appraisal is merely facilitative and is not a substantive term of the agreement. See *Wiley v. Tom Howell & Assoc.*, 154 Ga. App. 235, 238 (267 SE2d 816) (1980).

We conclude, based on the quoted authorities, that the agreement was incomplete and unenforceable and that the trial court erred in incorporating it in the final decree.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 30, 1995.

*Hulsey, Oliver & Mahar, James E. Mahar, Jr.*, for appellant.
*James E. Palmour III, Rex J. McClinton, Thompson, Fox, Chandler, Homans & Hicks, Robert B. Thompson*, for appellee.

---

[1] This case differs from our recent opinion in *Brown v. Brown*, 265 Ga. 725 (462 SE2d 609) (1995), in that this is an original appeal of a judgment whereas that case involved a trial court employing its equitable power to effectuate a judgment as to which the time for appeal had passed and as to which none of the grounds for setting aside a judgment pursuant to OCGA § 9-11-60 (d) were applicable.

*Edith Primm, Susan W. Yow,* amici curiae.