Reid ZEISING; Dixie Restaurant
Group, L.L.C., Plaintiffs–
Appellants

v.

Michael A. SHELTON; Shelton
Restaurant Group, L.L.C.,
Defendants–Appellees.

No. 14–30958.

United States Court of Appeals,
Fifth Circuit.

April 14, 2015.

Fredrick R. Tulley, Deborah Elaine Lamb, John M. Parker, Jr., Attorney, Taylor, Porter, Brooks & Phillips, L.L.P., Baton Rouge, LA, L. Matt Wilson, Wilson Law Firm, P.C., Atlanta, GA, for Plaintiffs–Appellants.

Bradley Loy Drell, Charles S. Weems, III, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Defendants–Appellees.

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

The judgment of the district court is affirmed because an enforceable oral contract was not mutually agreed upon by these parties. The acquisition, purchase and terms, of the 29 Popeye's restaurants, how they would be operated and what—if any—consideration and role Zeising would contribute, was left wide open. At best, it could be said only that they agreed to

agree, but that is not an enforceable contract under Louisiana or Georgia law. *See McNeely v. Town of Vidalia,* 157 La. 338, 102 So. 422, 423 (1924); *Moss v. Moss,* 265 Ga. 802, 463 S.E.2d 9 (1995). Likewise, Shelton did not have a contract with Dixie, nor did he owe it a fiduciary duty. Ga. Code § 14–11–304(a).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.