In the Supreme Court of Georgia

Decided:   September 14, 2015

S15F0964.  HART v. HART.

THOMPSON, Chief Justice.

This case involves an appeal from a trial court's final divorce decree which incorporated the parties' settlement agreement.  In 2013, appellant Victoria Hart ("wife"), filed a complaint seeking a divorce from her husband, Lee Hart ("husband").  The parties' pre-trial efforts to settle, including mediation, were unsuccessful and they proceeded to trial.  They continued to negotiate, both with and without the aid of counsel, until the morning of trial but began selecting a jury after they were unable to resolve their differences.

Following a mid-day recess, the parties informed the trial court that they had reached an agreement.  The trial court stated its understanding that the parties had reached an agreement, directed counsel to put the parties' agreement on the record, and instructed counsel and the parties to listen carefully and ask questions if they had any.  Wife's counsel then announced the parties'

settlement agreement on the record, the undisputed terms of which included that: (1) the marital share of husband's military retirement would be split equally between the parties; (2) wife would remain the named beneficiary on husband's survivor benefit plan; (3) wife would receive $5,000 from husband's Thrift Savings Plan; (4) wife would receive alimony of $1,375 per month for 24 months beginning on a date certain; (5) personal property, including family pets, would be divided in accordance with a list prepared by the parties; (6) husband would assume responsibility for all marital debt; and (7) husband would receive the marital home. Although the announced settlement made no mention of husband's unvested civil service retirement,[1] counsel for both parties affirmed at the conclusion of the hearing that the terms announced on the record covered "everything."

In the following weeks, counsel worked to memorialize the settlement in a written document to be presented to the trial court, resulting in a final draft containing numerous revisions requested by wife, none of which are at issue in this appeal. Each version of the agreement jointly drafted by counsel included

---

[1] Husband asserts and wife does not dispute that his civil service retirement has not yet vested and the receipt of any funds from this account in the future is dependant upon his continued employment for the required number of years.

language stating that the agreement constituted a final settlement of all issues and a provision stating that by entering into the agreement, the parties waived any claims or rights they may have against the other as to retirement accounts not mentioned in the agreement. The final draft was presented to the parties for their signatures, but wife refused to sign and subsequently retained new counsel.

After a hearing, the trial court granted husband's motion to enforce the parties' settlement agreement and entered a final decree incorporating the last revision of the draft agreement. In doing so, the trial court rejected wife's argument that the unsigned draft did not accurately reflect the agreement between the parties because she never consented to waive her right to assert a claim against husband's civil service retirement. Wife subsequently filed an application for discretionary appeal in which she alleged that the trial court improperly added a substantive term to the parties' settlement when it included the challenged waiver language in the final decree.[2] See DeGarmo v. DeGarmo,

---

[2] The final decree provides in paragraph 6, entitled "Alimony and Retirement," that "[w]ith respect to alimony between the parties and retirement accounts, except for what is expressly set out herein, each of the parties waives and renounces any and all rights, or claims that they may have against each other as to alimony and retirement accounts, now and in the future, except in the terms and conditions of this agreement and full settlement thereof." Paragraph 8 of the final decree, entitled "Thrift Savings Plan," similarly states that "[w]ith respect to retirement accounts, except for what is expressly set out herein, each of the

3

269 Ga. 480 (499 SE2d 317) (1998); Reichard v. Reichard, 262 Ga. 561 (423 SE2d 241) (1992). This Court granted wife's application pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia, and for the reasons that follow, we affirm the judgment of the trial court.

We note initially that wife does not dispute the trial court's finding that the parties reached an enforceable settlement agreement. See Herndon v. Herndon, 227 Ga. 781, 783-784 (183 SE2d 386) (1971) ("parties to a [divorce case] may by oral agreement compromise and settle the same, which will bind them although not reduced to writing. [Cit.]"). Rather, wife's sole contention on appeal is that the trial court erred by finding that she agreed as part of the settlement to waive her right to claim an interest in husband's civil service retirement and incorporating the waiver of that right into the final decree.[3] Thus, the issue before the trial court and now before this Court is what was the intent of the parties with regard to husband's civil service retirement when they

___

parties waives and renounces any and all rights, or claims that they may have against each other as to their respective retirement accounts, now and in the future, except in the terms and condition of this agreement and full settlement thereof. "

[3] Although wife suggests in one sentence of her brief that the trial court also may have improperly added to the parties' settlement a provision waiving the right to future modifications of alimony and retirement, she did not raise this issue in the trial court and any allegations of error related to this issue are not properly before us in this appeal.

4

announced that they had reached a settlement covering all issues in their divorce action.

We begin our analysis by recognizing the maxim that "[s]ettlement agreements in divorce cases are construed in the same manner as all other contractual agreements." Buckner v. Buckner, 294 Ga. 705, 708 (755 SE2d 722) (2014). Thus, "[w]here the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties." Cousins v. Cousins, 253 Ga. 30, 31 (1) (315 SE2d 420) (1984). See also OCGA § 13-2-3.

> In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable [person] in the position of the other contracting party would ascribe to the first party's manifestations of assent. In making that determination, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence.

(Citations and punctuation omitted) Frickey v. Jones, 280 Ga. 573, 575 (630 SE2d 374) (2006). See Paul v. Paul, 235 Ga. 382, 384 (219 SE2d 736) (1975)

5

(to discern intent of parties, courts should consider the whole of the agreement and the surrounding circumstances); OCGA § 13-2-2 (1) (attendant and surrounding circumstances may be proved to arrive at true interpretation of a contract). Courts, of course, are limited to those terms upon which the parties have actually agreed, for absent the parties' mutual assent, there is no enforceable contract. See Reichard, 262 Ga. at 564. We review a trial court's order on a motion to enforce a settlement agreement de novo. See Allen v. Sea Gardens Seafood, Inc., 290 Ga. 715, 717 (2) (723 SE2d 669) (2012).

The record in this case demonstrates that there were extensive settlement negotiations between husband and wife, including negotiations related to husband's possible future civil service retirement. Throughout these negotiations, husband steadfastly refused to agree to any settlement which reserved to wife a right to claim an interest in his civil service retirement. The parties' negotiations ultimately resulted in a settlement the terms of which were announced on the record and which was intended to resolve all issues in the divorce action. This intent is evidenced by the parties' statements affirming that they had reached a full settlement, the dismissal of the jury already selected, and the absence of any objection to the inclusion of language in the jointly drafted

6

written agreement stating that "the parties had agreed to a final settlement of the complaint and counter-claim for divorce." See Sponsler v. Sponsler, 287 Ga. 725, 727 (1) (699 SE2d 22) (2010) (rejecting husband's argument that settlement terms remained in dispute after settlement was announced to the trial court where husband knew settlement was intended to be final resolution of all issues and he failed to object to announced terms). Compare Anderson v. Larkin, 190 Ga. App. 283, 284-285 (378 SE2d 707) (1989) (holding that agreement to division of real property did not evidence parties' intent to settle all claims at issue). See also Herring v. Dunning, 213 Ga. App. 695, 697 (446 SE2d 199) (1994) (recognizing that "an offer to compromise is an offer to terminate the controversy" and in litigation "compromise" is synonymous with "settlement"). Although the parties' correspondence shows that wife's counsel requested revisions to the language of the drafted agreement, none of the requested revisions related to husband's civil service retirement, to the language indicating that the settlement was intended as a full and final settlement of all issues, or to the waiver language wife now challenges. In fact, it was not until wife obtained new counsel and husband filed his motion to enforce that the first objection to the waiver language was raised.

Based on this record and applying the above-mentioned principles of contract construction, we conclude that under the circumstances of this case, the trial court correctly determined that as part of her agreement to finally settle all issues between the parties, wife agreed to waive any interest she may have had in husband's civil service retirement. The terms of the announced settlement and the conduct and statements of the parties and their counsel, both at the time the settlement was announced and during the drafting of the written agreement, all support the finding that a reasonable person in husband's position would ascribe to wife her assent to waive any claims she may have had against husband's civil service retirement.[4]  See Stookey v. Stookey, 274 Ga. 472, 473

---

[4] We note that husband attached to his appellate brief an affidavit signed by wife's trial counsel averring: (1) that on the first day of trial, wife accepted husband's last offer to settle all claims in exchange for one-half of husband's military retirement and $5,000 from his Thrift Savings Plan; (2) that husband offered wife no interest in his civil service retirement; and (3) that counsel for both parties reached a mutually approved settlement agreement which was mailed to wife for her signature but she refused to sign. This affidavit, however, was not admitted in evidence and played no part in our decision-making in this case.  Compare Stookey v. Stookey, 274 Ga. 472, 472-473 (554 SE2d 472) (2001) (where counsel on motion to enforce settlement agreement introduced in the trial court affidavits of opposing counsel claiming that there was a settlement agreement, that counsel had authority to enter into the agreement, and that the written document offered in court fairly encompassed the terms of the parties' agreement).  See also Brumbelow v. Northern Propane Gas Co., 251 Ga. 674, 674-675 (308 SE2d 544) (1983) (attorney of record has apparent authority to enter into an agreement on behalf of client).

(1) (554 SE2d 472) (2001) (factual findings made by trial court on motion to enforce settlement agreement will not be set aside unless clearly erroneous); Kreimer v. Kreimer, 274 Ga. 359, 362 (1) (552 SE2d 826) (2001) (finding parties did not intend to transfer assets in retirement accounts to wife where parties' intent was to equally divide value of marital assets and settlement memorandum made no provision for impact of early withdrawal penalties on division of assets); Tillman v. Vinings Bank, 324 Ga. App. 469, 473 (1) (751 SE2d 117) (2013) (finding that where separate settlement agreements drafted by opposing counsel both contained the disputed term, a reasonable person would ascribe to the opposing party her assent to that term). The absence of an affirmative statement regarding husband's civil service retirement in the announced settlement does not, contrary to wife's argument, mandate the conclusion that this issue was left unresolved by the settlement reached by the parties. In fact, had the parties not intended to resolve their differences regarding this retirement account, clearly that issue would have been submitted to the jury already selected by the parties.

We conclude, therefore, that the facts of this case are distinguishable from the facts in Reichard, 262 Ga. 561, where it was undisputed that the proposed

9

written settlement agreement contained additional substantive terms not agreed to by the parties, and DeGarmo, 269 Ga. 480, where the evidence supported the finding that the final decree included several substantive provisions not included in the parties' settlement agreement. In contrast, the record in this case supports the finding that the parties mutually agreed to waive any claims they may have had to retirement accounts not mentioned in the announced settlement, and the trial court simply included in its final decree language reflecting the parties' mutual assent. It follows that the trial court was authorized to include the waiver language in its final divorce decree. See Little v. Little, 236 Ga. 102, 103 (1) (222 SE2d 384) (1976) (A "trial court [is] authorized to approve the terms of [an] oral settlement agreed to by the parties and to . . . incorporate it in the final decree") (citation omitted).

Judgment affirmed. All the Justices concur.