# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

Lyle W. Cayce
Clerk

No. 14-10993
Summary Calendar

WILLIAM HENRY KRIEG,

Plaintiff-Appellant

v.

JOSHUA L. KEENEY, Shift Sergeant, TDCJ-CID, Montford Unit; NICKY M. EMSOFF, Shift Lieutenant, TDCJ-CID, Montford Unit; GRAYSON W. HOWARD, Shift Captain, TDCJ-CID, Montford Unit; STEVEN C. LARA, Treatment Team Sergeant, TDCJ-CID, Montford Unit; CODY R. PARKER, Treatment Team Captain, TDCJ-CID, Montford Unit; GARY L. CURRIE, Senior Warden, TDCJ-CID, Montford Unit; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-243

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10993

William Henry Krieg, Texas prisoner # 1366694, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and moves for appointment of counsel.  We affirm.

Krieg has chosen to brief only the issue whether Sgt. Joshua Keeney was deliberately indifferent to his health and safety in failing to protect him against an inmate assault.  As such, appellate review of the claims against Lt. Nicky Emsoff and the issues concerning Krieg's disciplinary charge, his reduction in classification level, and his loss of privileges is waived.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Our review of the dismissal of his complaint is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  With respect to failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Krieg argues that Sgt. Keeney failed to protect him against an assault by his cellmate, which allegedly resulted in a traumatic brain injury (TBI).  "[P]rison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  "To act with deliberate indifference, a state actor must know[ ] of and disregard[ ] an excessive risk to [the victim's] health or safety." *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013) (internal quotation marks and citation omitted).  Critical to the inquiry is the actor's actual knowledge; the failure to alleviate a significant risk that the actor should have perceived, but did not, does not constitute deliberate indifference. *Id*.

Taking Krieg's allegations as true, he alerted staff the afternoon of the assault that his life was in danger on account of his cellmate's increasingly threatening behavior.  At that time, Krieg had been housed with the inmate in

2

question without incident for three months. A prison official in turn alerted Sgt. Keeney, a supervisor, who responded to Krieg's complaint by speaking with one of his cellmates. There is no allegation regarding what Sgt. Keeney was told by the prison official who contacted him regarding Krieg's complaint. The cellmate told Keeney that the inmate in question was off his medication, was acting out sexually, and became threatening when confronted about his behavior. There is no allegation that Sgt. Keeney was aware of a specific threat against Krieg or that he knew that Krieg believed that his life was in danger.

Sgt. Keeney's awareness of the risk is evaluated subjectively, in that he must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must have in fact drawn the inference. *See Longoria*, 473 F.3d at 592-93. The facts of which Sgt. Keeney was aware, as alleged by Krieg, did not suggest that a substantial risk of serious harm to Krieg existed. The dismissal of the complaint is therefore affirmed.

Krieg has moved for appointment of counsel on the bases that his imprisonment limits his ability to litigate, the issues involved in his suit are complex, and his TBI has impaired his cognitive abilities to the extent that he cannot function normally. The pleadings Krieg drafted in the district court, his coherent and thorough responses to the magistrate judge's questionnaire, and his understanding of the facts and applicable law, however, all suggest that his alleged TBI has not affected his cognition to the extent that he is incapable of self-representation in a suit that does not involve legally complex issues. He has therefore not shown exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

No. 14-10993

Krieg is informed that this court's affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). This court's affirmance of the district court's dismissal as frivolous in *Krieg v. Steele*, No. 13-11402 (5th Cir. April 15, 2015) (unpublished), also counts as a strike. Krieg is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.