300 Ga. 639
FINAL COPY

S17F0168. RASHEED v. SARWAT.

MELTON, Presiding Justice.

In this divorce action, Imran Rasheed (Husband) appeals the trial court's grant of a motion to enforce a settlement agreement filed by Maryam Sarwat (Wife) and its incorporation into a final decree of divorce, contending that no settlement had ever been reached and that, in any event, the trial court's order setting forth what it found as a complete settlement[1] and the subsequent decree of divorce incorporating that settlement are too incomplete to be enforced. For the reasons set forth below, we reverse the trial court's order enforcing the settlement agreement, vacate the decree of divorce, and remand the case for further proceedings.

The record shows that, on March 25, 2014, Wife filed a complaint for divorce from Husband. After entering a temporary settlement agreement,

---

[1] The order enforcing the settlement purports to set forth "an enforceable agreement resolving the *full* terms of [the parties'] divorce." (Emphasis supplied.)

Husband and Wife participated in a mediation on April 6, 2015, at which time the parties agreed on some issues of the divorce, but not all of them. Husband offered Wife terms for all other outstanding issues, and the parties continued to negotiate through telephone calls and e-mail correspondence between their attorneys. By April 26, 2015, it appears that both parties believed that a full agreement had been reached, and both sides corresponded with the trial court to announce a settlement. Further correspondence indicates that Husband's counsel asked Wife's counsel to draw up the settlement agreement for the parties, and Wife's counsel drafted an approximately 20-page agreement of terms. Following this point, however, disagreement resumed between the parties, and no settlement agreement was ever signed. On October 30, 2015, Wife filed a Motion to Enforce Settlement Agreement, arguing that, on April 26, 2015, the parties had reached an enforceable agreement covering all terms of their divorce. The trial court agreed, and, on March 10, 2016, it entered a two-page order setting forth the terms of the settlement agreement. The trial court considered these terms to represent the full terms of the parties' divorce, and, as such, incorporated the settlement enforcement order and its terms into the final divorce decree on May 25, 2016.

As an initial matter, we are unable to address Husband's first contention regarding the propriety of any settlement agreement between the parties because the trial court's order gives no indication of the source of the settlement terms it cites. While the trial court instructed Wife's counsel to draft an order reflecting prior agreements made by the parties in mediation and in exchanged e-mails, the order, itself, neither incorporates nor references any set of documents or correspondence. Therefore, as the order currently stands, we cannot determine whether the trial court correctly set forth terms corresponding to the discussions of the parties or whether the trial court properly concluded that a settlement occurred in the first place.

With regard to Husband's second contention, however, we agree that the terms of the settlement agreement as found by the trial court are incomplete, and these terms do not address all required aspects of the divorce.[2] Though visitation is cursorily addressed, the word custody never even appears in the order. Furthermore, the order setting forth the settlement does not contain a permanent

---

[2] We note that, in proper circumstances, parties may reach partial settlements as to their divorce. In this case, however, the terms set forth in the order enforcing the settlement are presented as a full settlement, not partial.

3

parenting plan that complies with OCGA § 19-9-1. The order regarding settlement terms also appears to be incomplete with regard to property holdings, or, at the very least, requires a great deal of inferences from unspecified sources to determine who actually owns what, what must be sold, and how any proceeds should be split between the parties. A trial court errs when it seeks to enforce what amounts to a settlement containing incomplete terms of a divorce. See, e.g., Moss v. Moss, 265 Ga. 802 (463 SE2d 9) (1995). Therefore, the trial court erred by enforcing the settlement in this case, either by enforcing an agreement that was not complete or by issuing an order that failed to set forth all the material terms. By incorporating such an incomplete settlement into the parties' divorce decree and using that settlement as the decree's operative terms, the infirmities of the incomplete settlement agreement became the infirmities of the divorce decree, which omits fundamental considerations such as the custody of the minor children.

Based on the orders now before us, which neither identify nor incorporate any other documents containing additional terms, we must find that the terms of any divorce agreement appear incomplete and, therefore, reverse the trial court's order enforcing the settlement, vacate the divorce decree incorporating

4

the incomplete settlement, and remand this case to the trial court for further proceedings.

Judgment reversed in part and vacated in part, and case remanded. All the Justices concur.

Decided February 27, 2017.

Domestic relations. Gwinnett Superior Court. Before Judge Beyers.

Thompson, O'Brien, Kemp & Nasuti, Michael C. Clark, for appellant.

Carter Pilgrim Stroud, Amy M. Carter, Philip P. Pilgrim, Jr., for appellee.