**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 18, 2021**

# In the Court of Appeals of Georgia

A21A0600. MESSICK v. MESSICK.

McFADDEN, Chief Judge.

After filing an action for divorce from John Messick, Mary Messick won a substantial amount of money in a lottery. She sought to enforce a previously entered settlement agreement with John Messick to prevent him from claiming equitable division of the lottery proceeds. The trial court denied her motion to enforce the settlement agreement, and we granted interlocutory review of that ruling. Because the lottery proceeds were marital property that the settlement agreement did not address, we find no error in the trial court's ruling and affirm.

1. *Facts and procedural background.*

The appellate record shows the following undisputed facts. On March 5, 2020, Mary Messick filed an action for divorce from John Messick and asked, among other

things, that the trial court incorporate into the divorce decree the parties' settlement agreement, into which they had entered that same day. Mary Messick subsequently won a substantial amount of money in a lottery. In his answer and counterclaim, John Messick argued, among other things, that the trial court should set aside the settlement agreement because it did not address Mary Messick's lottery winnings. Mary Messick then filed a motion that, among other things, asked the trial court to enforce the settlement agreement. After an evidentiary hearing, the trial court denied Mary Messick's motion and set aside the settlement agreement, pertinently finding "that the lottery proceeds are marital property subject to division by the [c]ourt [and t]he settlement agreement did not contemplate the acquisition of such property, nor provide for how any such property should be divided."

2. *The lottery proceeds are marital property.*

The trial court did not err in concluding that the lottery proceeds are marital property. "It is a question of law whether a particular category of property may legally constitute a marital or non-marital asset, but whether a particular item of property actually is a marital or non-marital asset may be a question of fact for the trier of fact." *Crowder v. Crowder*, 281 Ga. 656, 657 (642 SE2d 97) (2007) (citation omitted).

In Georgia, property is a marital asset subject to equitable division "if it is acquired as a direct result of the labor and investments of the parties during the marriage." *Pina v. Pina*, 290 Ga. 878, 879 (725 SE2d 301) (2012) (citation and punctuation omitted). Because the trial court has not yet entered a divorce decree in this case, the marriage has not yet been terminated, so Mary Messick acquired the lottery proceeds during the marriage. See generally *Hodges v. Hodges*, 235 Ga. 848, 849-850 (1) (221 SE2d 597) (1976) (marriage is not dissolved until entry of written judgment).

In addition, the appellate record does not contain a transcript of the evidence presented to the trial court at the hearing. So we must assume that the evidence showed that Mary Messick acquired the lottery proceeds as the direct result of her labor or investment. It follows from that assumption that the trial court's finding that the proceeds are marital property subject to division was authorized. See *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014) ("In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings.") (citation and punctuation omitted).

3. *The settlement agreement does not address the division of the lottery proceeds.*

The trial court declined to enforce the settlement agreement because its terms did not contemplate the division of the lottery proceeds. Reviewing this ruling de novo, see *Hart v. Hart*, 297 Ga. 709, 712 (777 SE2d 431) (2015), we find no error.

"Settlement agreements in divorce cases are construed in the same manner as all other contractual agreements." *Buckner v. Buckner*, 294 Ga. 705, 708 (1) (755 SE2d 722) (2014). The "meaning and effect [of the settlement agreement] should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties." *Hart*, 297 Ga. at 711 (citation and punctuation omitted). In construing the contract, we "are limited to those terms upon which the parties have actually agreed, for absent the parties' mutual assent, there is no enforceable contract." Id. at 712.

The settlement agreement in this case does not include a term providing for division of the lottery proceeds. Two terms in the agreement specifically address the division of marital property. One pertains to the division of real property.

The other term, on which Mary Messick relies heavily in her appellate brief, provides: "The parties acknowledge that they have previously made a division of their

4

household furniture, furnishings, household goods, equipment, and other such personalty. Neither party shall claim any of the property in the possession of the other *as of the date of the signing of this agreement* unless stated below." (Emphasis supplied.) By its plain language, this term of the settlement agreement does not pertain to the division of marital property acquired by a party *after* the signing of the agreement. And it is undisputed that Mary Messick acquired the lottery proceeds after the agreement was signed.

Nevertheless, Mary Messick argues that the above term applies to the lottery proceeds because those proceeds resulted from an investment she made using property she possessed before the signing of the agreement. We are not persuaded. The record evidence does not address the circumstances surrounding Mary Messick's lottery win. Moreover, our case law recognizes that property acquired during the marriage through investments is itself subject to equitable division. See *Pina*, 290 Ga. at 879.

Mary Messick also points to two other terms of the settlement agreement that she argues provide for the division of marital property acquired after the agreement was signed. But neither of those terms addresses the specific division of any property. One is a general, prefatory statement of the parties' "desire to settle between

5

themselves all questions of division of property . . . arising out of their marital relationship," and the other merely provides that "[t]he parties shall continue to live separate and apart and each shall be free from interference, molestation, authority and control, direct or indirect, by the other as fully as if sole and unmarried."

"The rule of law is clear, parties to a divorce decree must specifically describe and dispose of the property in which both parties have an interest or the decree will not divest either party of their interest in the property." *Andrews v. Boykin*, 273 Ga. 386, 387-388 (1) (543 SE2d 12) (2001) (citation omitted). Because the plain language of the settlement agreement does not address the equitable division of a significant marital asset — the lottery proceeds — any decree incorporating that agreement would not dispose of all of the parties' marital property. Under these circumstances, the trial court did not err in declining to enforce the agreement.

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.