**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 8, 2025**

# In the Court of Appeals of Georgia

A25A1266. CROSSMAN v. CROSSMAN.

DAVIS, Judge.

In this discretionary appeal, Raymond Crossman appeals from the trial court's final divorce decree and order granting Julie Crossman's motion to enforce a separation agreement. Raymond[1] argues that the trial court erred by (1) denying his request for a jury trial; and (2) granting Julie's motion to enforce a settlement agreement because the agreement was incomplete and the court did not first determine whether the agreement was fair to both parties. For the reasons that follow, we reverse the trial court's order.

---

[1] Because the parties share the same last name, for ease of reference, we will refer to them by their first name.

The record shows that the parties were married in November 2002 and separated in October 2022. In March 2023, Raymond filed a verified complaint for divorce and requested, among other things, an equitable division of the parties' real and personal property. Julie answered the complaint in April and counterclaimed for divorce, asserting the parties had entered into a separation agreement in September 2022 in contemplation of divorce and requesting the trial court to incorporate the separation agreement into the divorce decree. The agreement provided, in part, that Raymond would continue to reside at the marital residence on Copperhead Road in Blairsville, Georgia, but he was required to sell the home at "fair market value on or before June 1, 2023." After deducting expenses, Julie would receive 60 percent of the proceeds from the sale, and Raymond would receive the remaining 40 percent. The agreement also provided that Raymond would retain possession of a Ford 500; Julie would retain possession of a Volkswagen Beetle; neither party would be responsible for any debts incurred by the other going forward; "[a]ny future settlement made to [Raymond] by the Veterans Administration [would] be split with Julie, as well as any further monthly stipend granted by them"; and Raymond would pay Julie $872 per

2

month "until another agreement [was] reached," or if Julie died or remarried. Both parties signed and dated the agreement.

In May 2023, Julie filed a motion to enforce the separation agreement. In the motion, she argued that the agreement disposed of the parties' marital residence, motor vehicles, debts, and spousal obligations, but Raymond wanted to withdraw from the agreement because he wanted to obtain a different distribution of the marital assets and debts and no longer wanted to pay spousal support. Raymond filed a motion to set aside the separation agreement, arguing, among other things, that the agreement was incomplete and unenforceable because there was no method of sale and method of determining the fair market value of the marital home and because; the agreement did not set forth whether the property should be sold for cash or owner financing or whether certain expenses would be paid at closing by the seller. He also argued that it could be impossible to sell the home by the June 1, 2023 deadline and that the agreement purported to award Julie an "undefined portion" of his disability benefits, which he asserted was part of his separate property. In November 2023, the trial court granted Julie's motion to enforce the settlement agreement after a hearing, determining that all of the essential elements to contract formation were contained in

the separation agreement. The court concluded, however, that the "only unclear issue" was in regard to Raymond's disability benefits, and thus it ordered the parties to attend mediation to resolve that issue.

Raymond subsequently filed a demand for jury trial in April 2024, and Julie filed a second motion to enforce the settlement agreement in May 2024, arguing that the demand for a jury trial did not nullify the settlement agreement. The trial court entered an order granting Julie's second motion to enforce the settlement agreement and also granted a final decree of divorce which incorporated the separation agreement. Specifically, the court noted that there were no contestable issues between the parties and that a jury trial was "not necessary" because Julie withdrew her claim for Raymond's disability benefits, and thus the separation agreement addressed all of the issues. The trial court, however, established the method by which Raymond was to sell the marital property and the method of determining the price of the property. We granted Raymond's application for a discretionary appeal.

1. In two related enumerations of error, Raymond argues, among other things, that the settlement agreement was incomplete because it did not contain a method to determine the fair market value of the marital residence. He further argues that the

agreement is unenforceable because the trial court did not first determine whether the agreement was fair to both parties.[2] We conclude that the trial court erred by granting the motion to enforce the settlement agreement.

"We review a trial court's order on a motion to enforce a settlement agreement de novo." *Hart v. Hart*, 297 Ga. 709, 712 (777 SE2d 431) (2015).

> [S]ettlement agreements in divorce cases are construed in the same manner as all other contractual agreements. Thus, where the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties.

(Citations and punctuation omitted.) *Hart*, supra, 297 Ga. at 711. "Essential terms of a contract include the subject matter and purpose of the contract, the identity of the parties, and the consideration." *Steele v. Steele*, 298 Ga. 548, 549 (1) (782 SE2d 433) (2016). "In construing the contract, we are limited to those terms upon which the parties have actually agreed, for absent the parties' mutual assent, there is no enforceable contract." (Citation and punctuation omitted.) *Messick v. Messick*, 359 Ga.

---

[2] We address Raymond's enumerations of error in a different order than what he presented in his brief.

App. 481, 482 (3) (858 SE2d 758) (2021). Moreover, "[n]o contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced." (Citation and punctuation omitted.) *Moss v. Moss*, 265 Ga. 802, 803 (463 SE2d 9) (1995). "A trial court errs when it seeks to enforce what amounts to a settlement containing incomplete terms of a divorce." *Rasheed v. Sarwat*, 300 Ga. 639, 640 (797 SE2d 454) (2017).

Here, the settlement agreement provided in part that the marital residence was to be sold "at fair market value," and it delineated how the proceeds would be divided. But the agreement does not contain a method to establish the fair market value of the residence, which should have been included because the agreement *requires* Raymond to sell the home *for a particular value*, which is therefore a substantive term of the agreement. See *Moss*, supra, 265 Ga. at 803-804 (settlement agreement in divorce action that required real property to be transferred for a specified value was incomplete and unenforceable because the agreement did not contain a method of appraising or determining the value of the property); *Wiley v. Tom Howell & Assoc., Inc.*, 154 Ga. App. 235, 236 (267 SE2d 816) (1980) (stating that to be complete. a contract involving the sale of real property "must either state the price to

be paid for the property or set forth criteria by which it may be calculated.") (citation omitted). Compare *Kreimer v. Kreimer*, 274 Ga. 359, 363 (2) (552 SE2d 826) (2001) (the term "publicly traded stock" regarding stocks to be transferred pursuant to a divorce settlement was not an essential term of the agreement because the parties agreed that each would receive equal after-tax value). And while in proper circumstances, parties may reach partial settlements as to their divorce, in this case, "the terms set forth in the order enforcing the settlement are presented as a full settlement, not partial." *Rasheed*, supra, 300 Ga. at 640 n.2. Thus, the failure to include all the material terms concerning the sale of the marital residence rendered the incomplete settlement agreement unenforceable.

Nevertheless, in its final order, the trial court purported to supply the missing terms in the agreement, such as the method by which Raymond should use to sell the property as well as a method of determining the price of the property. But

> the missing term could not be supplied by the trial court because a divorce decree should accurately reflect a settlement reached by the parties, and a trial court is not authorized to adopt and incorporate into the final decree and judgment of divorce a purposed memorialization of the settlement that contains more substantive terms than the settlement.

(Citations and punctuation omitted.) *Moss*, supra, 265 Ga. at 803. Because the provision pertaining to the sale of the marital residence was incomplete, the trial court erred by enforcing the settlement agreement. *Rasheed*, supra, 300 Ga. at 640-641.[3]

2. Raymond further argues that the trial court abused its discretion by denying his timely request for a jury trial. We agree.

OCGA § 19-5-1 (a) states: "Unless an issuable defense is filed as provided by law and a jury trial is demanded in writing by either party on or before the call of the case for trial, in all petitions for divorce and permanent alimony the judge shall hear and determine all issues of law and of fact and any other issues raised in the pleadings." "Of course, a party in a divorce case can, by [his] voluntary actions, impliedly waive a demand for a jury trial. A demand for a jury trial is impliedly waived where the party making the demand participates in a bench trial without objection." *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998). But "a trial court presiding over a divorce action must comply with a demand for jury trial unless, after reviewing all of the pleadings, it determines that there is not any factual dispute remaining as to any issue raised by the complaint or any counterclaim. If there is an

---

[3] In light of this conclusion, it is unnecessary for us to address Raymond's other claims regarding the insufficiency of the settlement agreement.

issue of fact, either party is entitled to a jury trial." (Citation and punctuation omitted.) *Blaylock v. Blaylock*, 277 Ga. 56, 56-57 (586 SE2d 650) (2003).

Here, despite the fact that Raymond filed a written demand for a jury trial in April 2024, the trial court proceeded to enter a final decree of divorce in December 2024. There is nothing in the record to indicate that Raymond expressly or impliedly waived or withdrew his request for a jury trial. In fact, in Julie's second motion to enforce the settlement agreement, she acknowledged that Raymond had filed a written demand for a jury, but she argued that a jury trial was unnecessary in light of the separation agreement. But, as stated above in Division 1, the provision of the agreement pertaining to the sale of the marital residence was incomplete, and thus there was no enforceable agreement between the parties. Because there was no valid separation agreement, and in the absence of evidence to show that Raymond expressly or impliedly waived his right to a jury trial, the trial court abused its discretion by entering a final divorce decree without first holding a jury trial. See *Walker v. Walker*, 280 Ga. 696, 697-698 (631 SE2d 697) (2006) (trial court abused its discretion by failing to submit the case to a jury trial where the husband filed a timely demand for

9

a jury trial, and there was no evidence in the record to show that the husband expressly or impliedly waived his right to a jury trial).

Accordingly, for the foregoing reasons, we reverse the trial court's divorce decree and order granting Julie's motion to enforce the settlement agreement.

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*